People v David (2019 NY Slip Op 00506)





People v David


2019 NY Slip Op 00506


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

109381

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT M. DAVID, Appellant.

Calendar Date: January 4, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Richard V. Manning, Parishville, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered April 5, 2017, which revoked defendant's probation and imposed a sentence of imprisonment.
In September 2016, defendant pleaded guilty to criminal possession of a weapon in the third degree and menacing a police officer and was sentenced to five years of probation, with the first 180 days to be served in the local jail. In March 2017, defendant entered into a negotiated agreement in which he admitted to violating certain terms of his probation in exchange for a sentence of concurrent prison terms of 1 to 3 years for the weapon possession conviction and three years, followed by three years of postrelease supervision, for the menacing conviction. After accepting defendant's admissions to probation violations, County Court revoked his probation and resentenced him in accordance with the agreement. Defendant appeals.
We agree with defendant's argument that his March 2017 waiver of appeal was invalid. Both the oral and written waiver mentioned trial rights that were inapplicable in the context of a probation violation proceeding. The record fails to establish that defendant fully understood the ramifications of the waiver so that he could knowingly, intelligently and voluntarily waive his right to appeal (see People v Steenberg, 161 AD3d 1453, 1453 [2018]). Nevertheless, we cannot conclude that his resentence was unduly harsh or excessive.
Lynch, J.P., Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.